IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE LUIS GARCIA,<br>    ID #90141-079,<br>        Movant,<br>vs.<br><br>WARDEN UNDERWOOD,<br>        Respondent. | )<br>)<br>)<br>)   No. 3:18-CV-3153-N-BH<br>)<br>)   Referred to U.S. Magistrate Judge<br>) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241, received on November 29, 2018 (doc. 4), should be **DISMISSED** for lack of jurisdiction.

### I. BACKGROUND

Jose Luis Garcia (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas (FCI-Seagoville), challenges his conviction and sentence under 28 U.S.C. § 2241. The respondent is the Warden of FCI-Seagoville, Warden Underwood.

Petitioner was convicted of conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime in the United States District Court for the Southern District of Texas, and he was sentenced to a total of 295 months' imprisonment. *See United States v. Garcia*, No. 7:07-CR-840 (S.D. Tex. Sept. 23, 2008). The judgment was affirmed on appeal. *See United States v. Garcia*, No. 08-40884 (5th Cir. June 4, 2009). Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 was denied on September 22, 2013. *See Garcia*, No. 7:07-CR-840 (S.D. Tex. Sept. 22, 2013). His subsequent motion for a sentence

reduction was granted, and his sentence was reduced to 228 months' imprisonment. *See Garcia*, No. 7:07-CR-840 (S.D. Tex. Nov. 1, 2017).

Referencing the savings clause of § 2255(e), Petitioner now seeks relief under 28 U.S.C. § 2241. He claims that his base offense level should not have been increased under the United States Sentencing Guidelines (USSG) based on the amount of marihuana (879.605 kilograms) and a finding that he was an organizer or leader of a criminal activity that involved five or more participants because he did not admit to, and was not convicted by a jury of, those elements of the offense. He argues that under *Nelson v. Colorado*, 137 S.Ct. 1249 (2017), a person is presumed innocent unless convicted of a crime. He also argues that under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the sentencing guidelines for drug quantity and leadership role are elements of the offense that should have been included in the indictment and determined by a jury. (*See* doc. 4.)

## II.  SAVINGS CLAUSE

Generally, a writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is carried out, and claims of alleged errors that occurred at sentencing are properly raised in a motion under 28 U.S.C. § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)). A petitioner may challenge the legality of his detention in a § 2241 petition under the "savings clause" of § 2255, however. *Padilla*, 416 F.3d at 426. It provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To show that a § 2255 motion is either ineffective or inadequate to test the legality of his detention, a petitioner must demonstrate that: (1) his claim is based on a Supreme Court decision that is retroactively applicable on collateral review and that establishes that he may have been convicted of a nonexistent offense, and (2) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in a prior § 2255 petition. *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner has not made this showing for two reasons.

First, Petitioner is challenging the enhancement of his sentence based on drug quantity and role. The Fifth Circuit Court of Appeals has repeatedly held that challenges to the validity of sentencing enhancements do not satisfy the savings clause. *Kelley v. Castaneda*, 711 F. App'x 243, 243-44 (5th Cir. 2018).

Second, the cases that Petitioner cites do not provide a bases for relief under the savings clause because they did not announce a new rule of law made retroactively available to cases on collateral review and that shows he was convicted of a non-existent offense. Petitioner recognizes that *Nelson*, which did not address the sentencing guidelines, did not announce a new rule of constitutional law. (*See* doc. 4 at 4.) It is therefore not a basis for relief under the savings clause. *See Hager v. Underwood*, No. 3:18-CV-355-D, 2018 WL 2031925, at *2 (N.D. Tex. Mar. 16, 2018), *rec. adopted* 2018 WL 2018593 (N.D. Tex. May 1, 2018) (holding that *Nelson* is not a basis for relief under the savings clause). *Alleyne* and *Apprendi* are also not a basis fore relief because they are not retroactively applicable to cases on collateral review. *See Almonte v. Vasquez*, 637 F. App'x 181, 182 (5th Cir. 2016) (*Alleyne* is not a basis for relief under the savings clause because it is not

3

retroactive); *Padilla*, 416 F.3d at 427 (*Apprendi* is not retroactive and is not a basis for relief under the savings clause).[1]

Because Petitioner's claim is not reviewable under the savings clause, it can only be considered through a § 2255 motion. *See Carter v. Blackmon*, 732 F. App'x 268, 269 (5th Cir. 2018). He was sentenced in the District Court for the Southern District of Texas, so this court lacks jurisdiction to consider his claim under § 2255.[2]

### III. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 7th day of January, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Notably, *Alleyne* and *Apprendi* do provide that any fact that increases a defendant's mandatory minimum sentence or increases the punishment above the statutory maximum sentence must be alleged in the indictment and either admitted to by the defendant or found by a jury beyond a reasonable doubt. *See Alleyne*, 133 S. Ct. at 2163; *Apprendi*, 530 U.S. at 490; *United States v. Cervantes-Sanchez*, 720 F. App'x 719, 720 (5th Cir. 2018). Petitioner has not alleged that the enhancements increased the mandatory minimum or maximum statutory sentence, however. Moreover, a court may determine the facts establishing relevant conduct that increases the sentencing guideline range but that does not increase the mandatory minimum or maximum statutory sentence. *See United States v. Hinojosa*, 749 F.3d 407, 412 (5th Cir. 2014) (the court could determine drug quantity as relevant conduct that increased the guideline range); *United States v. Suarez*, 575 F. App'x 463, 464 (5th Cir. 2014) (court could determine leadership role as relevant conduct under the guidelines).

[2] The petition should not be construed as a 28 U.S.C. § 2255 motion and transferred to the Southern District of Texas because a § 2255 motion would be successive.

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE